# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY, | CV 14-54-BLG-SPW-CSO |
| Plaintiff, | **ORDER** |
| vs. | |
| OST BROTHERS, INC. d/b/a WAGON WHEEL, BNSF RAILWAY CORPORATION, CUSA ES, LLC, d/b/a COACH AMERICA CREW TRANSPORT, TIMOTHY P. RENNICK, the ESTATE OF BLAINE MACK, and the ESTATE OF TODD BURKHARD, | |
| Defendants. | |

On September 3, 2014, the Court issued a Show Cause Order. *Show Cause Order (ECF 3)*. The Order issued because, under Fed. R. Civ. P. 4 (m), more than 120 days had elapsed since Plaintiff filed the Complaint and Plaintiff had not filed proof of service as required by Rule 4.3 of the Local Rules. *Id. at 1*. The Order directed Plaintiff to

-1-

appear, in writing, before September 17, 2014, to show cause why the case should not be dismissed for failure to effect service. *Id. at 1-2.*

On September 12, 2014, Plaintiff timely filed a status report in response to the Show Cause Order. *Pltf's Status Report (ECF 4).* In it, Plaintiff states:

> The parties have been making a good-faith effort to resolve this dispute. A settlement agreement has been drafted and is in the process of being finalized. The parties believe they will be able to finalize this documentation and file a stipulation for dismissal and proposed order within ninety (90) days or Plaintiff will file another status update with the Court on the status of the resolution of this matter.

*Id. at 2.*

Rule 4(m) provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The rule's plain language requires that the Court allow an extension of time to effect service when a plaintiff shows good cause. *Efaw v. Williams*, 473 F.3d 1038, 1039 (9th Cir. 2007). Generally, the plaintiff bears the burden of establishing that good cause exists to

excuse a delay in service.  *Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281 (11th Cir. 2007); *Nafziger v. McDermott International, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006).

"Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect.  In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause:  (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."  *Lemoge v. U.S.*, 587 F.d 1188, 1198 n.3 (9th Cir. 2009) (citations and internal quotations omitted).   Id.

Here, Plaintiff has not shown good cause for failing to effect service.  In its status report in response to the Court's show cause order, Plaintiff failed to expressly address any of the foregoing factors to demonstrate good cause.  Also, Plaintiff did not request additional time within which to effect service.  Rather, Plaintiff simply and summarily advised the Court that the parties are attempting to resolve the case and believe they will be able to finalize settlement and file a stipulation for dismissal within 90 days, or will "file another status

update" at some unspecified time. *ECF 4 at 2.* This response is insufficient to establish good cause.

When a plaintiff has failed to show good cause, the Court, in exercising its broad discretion, can either dismiss the case without prejudice or allow service to be completed within a specified time. *Lemoge*, 587 F.3d at 1198 ("[i]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect.").

Because it appears from Plaintiff's status report that the parties have been actively attempting to resolve the case, the Court will afford additional time for service. In doing so, however, the Court notes that no facts have been provided from which this Court may conclude that 90 days is an "appropriate period." See Fed. R. Civ. P. 4(m). As noted in the Court's show cause order, Plaintiff already has had more than 120 days to effect service. Thirty days from the date of this Order should be sufficient if the parties work diligently to resolve this matter.

Accordingly, IT IS ORDERED that, on or before October 29, 2014, Plaintiff must either file proof of service as required under Rule 4.3 of the Local Rules or file appropriate dismissal papers. Failure to comply

will result in the Court's recommendation that this matter be dismissed, without prejudice, under Rule 4(m).

DATED this 29th day of September, 2014.

**/S/ Carolyn S. Ostby**
United States Magistrate Judge